UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,                      CRIM. CASE NO. 11-20619

v.                                   PAUL D. BORMAN
                                        UNITED STATES DISTRICT JUDGE

GREGORY MORGAN,

      Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTION TO
REOPEN CASE AND FOR OTHER RELIEF/DENYING
REQUEST TO DELAY PRISON REPORT DATE OF OCTOBER 8, 2013**

I.    BACKGROUND

      On July 23, 2012, Defendant Morgan pled guilty, pursuant to a Rule 11 plea agreement, to count two of an indictment charging him and two others with possession with intent to distribute 317 kilograms of marijuana.

      At the plea hearing, Defendant Morgan stated that he was satisfied with his counsel's advice and service, and that he had gone over the Rule 11 with his counsel before he signed it. The signed Rule 11 also required Defendant, who owned the trucks and trailers used to transport the drugs, to forfeit seven tractor trucks, and five trailers, and pay $500,000 as proceeds traceable to his criminal violation. He agreed to that on the record.

      Defendant stated at his plea, that around October 25, 2010, he aided and abetted his two co-defendants in transporting the marijuana, by providing his trucks, and that he knew that contraband marijuana would be distributed. Finally, Defendant agreed on the record, that if he

1

received a sentence no higher than the Rule 11 guideline range of 37-46 months, he would give up his right to appeal his conviction and sentence.

At Defendant Morgan's sentencing on August 27, 2013, Defendant's counsel stated that he had received a copy of the presentence report (PSR), had gone over it with Mr. Morgan, and had no corrections or additions to the PSR. Defendant did not deny this statement when he spoke at the sentencing. Further, Defendant allocuted that he knew what he did was "stupid," and apologized for his conduct.

The Government stated, in its Response, that Defendant was the supervisor and manager of the truck driver co-defendant Steven Miracle. The Government attacked Defendant's claim that he was raised to speak with law enforcement, as "baloney" -- because after the Government's informing each of his two prior lawyers they were seeking Defendant's cooperation, he fired each lawyer, and refused to cooperate, until after his accomplices had cooperated.

The Court in sentencing Defendant, varied downward from the 37-46 month Guideline range, and sentenced him to 30 months incarceration. The Court stated on the record that the Rule 11 Plea Agreement included defendant's waiver of his right to appeal if the sentence did not exceed the guideline range. The 30 month sentence was below the Guideline range.

Defendant filed a timely notice of appeal on September 11, 2013. Defendant is scheduled to report to serve his sentence on October 8, 2013.

II. DEFENDANT'S EMERGENCY MOTION FILED SEPTEMBER 30, 2013

Defendant's instant Motion, filed after his notice of appeal, raises a plethora of issues in an incoherent shotgun-spray fashion, and includes 17 exhibits including, *inter alia*, many

personal and business tax returns, and his affidavit. None of these undermine what happened in the courtroom: an intelligent criminal, knowingly and voluntarily entering a plea to drug trafficking, benefitting from the safety valve to avoid a five year mandatory minimum sentence, benefitting from a downward variance, and now experiencing "pleader's remorse."

The Sixth Circuit has held that absent extraordinary circumstance, a district court cannot consider an application for relief under 28 U.S.C. §2255 during the pending of the applicant's direct appeal. *Capaldi v. Pontesso*, 135 F.3d 1122, 1124 (6th Cir. 1998).

In the instant case, Defendant knowingly and voluntarily pled guilty, consulted with his attorney before signing his Rule 11 plea agreement, did not contradict his attorney's statement at the sentencing that he had gone over the PSR with Defendant, and then apologized for his "stupid" criminal conduct. There is nothing extraordinary about this motion that deserves application of an exception to the holding of the Sixth Circuit that a notice of appeal divests the District Court of jurisdiction over the case.

Accordingly, the Court DENIES Defendant's Motion to Reopen the Case, and DECLINES to delay Defendant's report-to-prison date of October 8, 2013.

SO ORDERED.


DATED:  October 4, 2013                             s/Paul D. Borman
                                                    PAUL D. BORMAN
                                                    UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 4, 2013.

                                              s/Deborah Tofil
                                              Case Manager